UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BECIL OTIENO OJWANG,

Petitioner,

v.

BRUCE SCOTT, ET AL.,

Respondent.

Case No. 2:26-cv-03478-BAT

ORDER GRANTING PETITION AND DIRECTING RELEASE

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) his immediate release him from immigration detention; (2) Respondents be permanently enjoined from redetaining him without notice and a hearing; (3) declare Petitioner's arrest and continued detention unlawful and his detention violates due process; and (3) attorney fees and costs be awarded. Dkt. 1 (petition). The Court **GRANT**S the habeas petition as follows.

1. Petitioner, a citizen of Kenya, lawfully entered the United States on a B-2 nonimmigrant visitor visa in or around April 2022 and subsequently applied for asylum in 2023. He received work authorization in 2024 and works as an Assistant Consultant employed by the State of Washington's State-Operated Living Alternative ("SOLA") program. On or around July 12, 2026 Petitioner was arrested in Spokane County and charged with driving under the influence of alcohol. According to Petitioner, the case remains pending.[1]

[1] Respondents state that Petitioner's A-file was unavailable at the time of the filing and have provided only the declaration of Deportation Officer Andrew Ouk, who also affirms the case remains pending. Dkt. 6.at 2.

2. On August 27, 2026, Respondents arrested Petitioner in downtown Spokane and he was transferred to the Northwest ICE Processing Center where he remains detained. Petitioner claims although he filed an application for asylum, has received employment authorization, his removal proceedings remain pending, and he has no history of law violations other than the DUI arrest,[2] Respondents arrested him without notice or a hearing. Petitioner has requested a bond hearing pursuant to 8 U.S.C. § 1226(a), which is scheduled to be held on October 9, 2026.

3. Petitioner contends he was detained in violation of due process. Respondents contend Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and is statutorily only entitled to a bond redetermination hearing before an immigration judge. Regarding this dispute, the parties apply the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and (3) the Government's interest and burdens additional procedural safeguards would entail. *Id.* at 334-35.

4. Respondents acknowledge Petitioner's liberty interest in continued freedom from detention but argue it is diminished because his period of authorized stay ended on October 24, 2022 and, since he had not been detained prior, his private interest is not elevated beyond any other alien detained pursuant to Section 1226(a). Respondents also argue Petitioner's arrest for driving under the influence reduces his liberty interest. The Court finds no correlation between one's past criminal history or visa overstay and one's current interest in freedom and concludes the first *Mathews* factor weighs in Petitioner's favor. *See also Gagik T. v. Chestnut*, No. 1:26-cv-

[2] Petitioner admits he does have several other citations relating to speeding or other traffic-related infractions in the Spokane District Court, but, to his knowledge, "none of these citations were criminal in nature and did not lead to any arrest." Dkt. 1 at 8, n.1.

4337 (MWJS), 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) ("By concluding that there was no need to detain Petitioner after his B-2 visitor visa had expired, and instead sanctioning his continued presence in the United States by granting and renewing his employment authorization, the government vested in Petitioner a liberty interest in his continued freedom.")

5. The risk of erroneous deprivation is high. Petitioner has lived in the United States for over four years and has been granted employment authorization. He was arrested for DUI on July 12, 2026. The facts of his arrest are not presented, but the record contains no indication Petitioner has other arrests or criminal convictions or that he has engaged in conduct indicating he is a threat to the community or a risk of flight. The Court concludes the second factor favors Petitioner.

6. And lastly the Court finds Respondents' interest in civil detention without a hearing is low. *See E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 132 (W.D. Wash. 2025*)* (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

7. In sum, the Court finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court also finds while Petitioner may request a bond hearing, a post- deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F. Supp. 3d at 1323-24 (citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the

subject of his motion: that is, his potentially erroneous detention.”)). The Court accordingly finds Petitioner should be immediately released. *See E.A. T.B*, 795 F. Supp. 3d at 1324; *see also Gongora Poot v. Hernandez*, No. 2:26-cv-02580-TLF, 2026 WL 2516690, at *7 (W.D. Wash. Aug. 26, 2026) (“Although petitioner was provided with a bond hearing, a later bond hearing does not necessarily cure the initial due process violation.”).

8. The Court notes the specific circumstances of any future redetention drives what process is due. Thus, the Court finds if Petitioner is redetained, Respondents shall provide Petitioner predetention notice and a hearing unless detention is statutorily mandatory (which it is not currently). *See Chicoze-Ezechi v. Noem*, 26-cv-00145-BAT (W.D. Wash. Feb. 2, 2026).

9. The Court finds Respondents shall bear the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community at any subsequent redetention hearing. *See Pinchi v. Noem*, 792 F. Supp. 3d 1012, 1038 (N.D. Cal. July 24, 2025) (Holding Petitioner may not be detained unless the government demonstrates at a bond hearing, by clear and convincing evidence, she is a flight risk or a danger to the community and that no conditions other than her detention would prevent such harms.).

10. Accordingly, the Court **ORDERS:**

a. Respondents shall immediately release Petitioner from immigration detention within 24 hours from the date and time of issuance of this order. Respondents shall file a certification within 48 hours from the date and time this order was issued that Petitioner has been released.

b. Respondents shall provide Petitioner with written predetention notice and afford him a hearing **unless** redetention is statutorily mandatory

c. At any redetention hearing, Respondents shall bear the burden to show by

clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

d. The Court will entertain a motion for EAJA attorney fees and costs. Any motion for fees and costs must be timely filed pursuant to the EAJA statute and shall be noted under Local Rule 7(d)(3).

e. The clerk shall provide a copy of this order to all parties.

Dated this 8th day of October, 2026.

Brian A. Tsuchida
United States Magistrate Judge